### In re RUNDELL.

(Court of Appeals of District of Columbia. Submitted March 9, 1926. Decided April 5, 1926.)

No. 1830.

Patents ⬤62.

Evidence *held* to show mechanism for cigar wrapping was anticipated, and hence applicant is not entitled to patent.

Appeal from the Commissioner of Patents.

In the matter of the application of Rupert E. Rundell for patent. From a decision of the Commissioner of Patents denying his application, said applicant appeals. Affirmed.

J. T. Newton, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, refusing certain claims in appellant's application for a patent for a cigar-wrapping mechanism. The following claim is descriptive of the issue here involved:

"7. In a cigar-wrapping mechanism, the combination with a group of wrapping rolls of a consistent speed power shaft gearing, whereby said shaft drives said rolls and means coacting with said gearing, to vary the wrapper-receiving speed of said rolls during the wrapping operation."

It is insisted by appellant that the invention presents two distinct and novel features: The one consists in a variation of the wrapper-receiving speed of the bunch rotating gear; and the second feature results in a change of such variations in accordance with the differential contour of the different bunches to be wrapped in the same mechanism. The two features, however, it is urged, are inseparable, since they exist in the single mechanism here disclosed. The appealed claims, however, are directed chiefly to the first feature, namely, the means to vary the wrapper-receiving speed of the rolls during the wrapping operation. The wrapping machine is used for winding a cut wrapper of tobacco around what is known as the filler of an unfinished cigar, thus completing the process of manufacture.

The tribunals of the Patent Office found that the invention here in question is anticipated by a patent to one Tyberg. Appellant discloses a complete cigar-wrapping mechanism. A number of claims have been allowed. The rejected claims are only such as are held to be anticipated by the wrapping mechanism of Tyberg's machine. The Tyberg disclosure is described by the Examiner as follows:

"Tyberg's patent discloses a complete cigar machine, in which there is a wrapper delivering mechanism, as well as a wrapping mechanism. The speed of bunch rotating gear of the wrapping mechanism has, with respect to the machine frame or space, a variable speed during the wrapping operation. The speed of wrapper delivering mechanism also is variable with respect to space, and the speeds of wrapper delivering and wrapping mechanisms are so co-ordinated that these two mechanisms have a relative constant speed with respect to each other."

The patentability of the appealed claims depends on the "means for varying the wrapper-receiving speed of said gear during the wrapping operation." This description is somewhat misleading, since the adjustment is not made while the machine is in operation, but while it is at rest. The speed is not changed while the machine is in operation. The object of the invention seems to be to adjust variations in differ-

ent bunches and keep the wrapper-receiving speed constant while operating on particular sized bunches, thus keeping the tension on the wrapper constant. While it is true that the speed varies while operating on a single bunch, a similar operation is disclosed in the Tyberg patent. The variation of speed in appellant's mechanism, while operating on a single bunch, results in the desired tapering of the finished cigar; but the same result is obtained in the operation of the Tyberg machine. In other words, Tyberg accomplishes exactly what is accomplished by appellant, by so regulating his machine that the wrapper is fed onto the rotating bunch at constant speed. In other words, both machines operate uniformly when adjusted in advance, so long as bunches which meet the adjustment are fed to it.

We have examined carefully the specifications and claims of the Tyberg patent, and are of opinion that the conclusion reached by the tribunals below is correct. Without stopping further to analyze the operation of the device of Tyberg, as compared with the one here in issue, it is sufficient that the same result is produced by similar means. The difference in mechanism is not sufficiently novel to constitute invention.

The decision of the Commissioner of Patents is affirmed.